**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert Edwin PERKINS, Jr., aka Mike
Egan, Defendant—Appellant.**

No. 01–50013.

D.C. No. CR–99–00047–GLT–8.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 18, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Defendant Robert Perkins challenges his conviction for several counts of mail fraud and several counts of wire fraud. The counts arose out of his employment with Gecko Holdings, Inc. (Gecko), a fraudulent telephone-marketing business. Defendant argues that the evidence was insufficient to support his convictions and that the district court improperly instructed the jury on co-schemer liability. We affirm.

Viewed in the light most favorable to the prosecution, we conclude that the evidence was sufficient to allow a rational fact-finder to determine that Defendant was guilty beyond a reasonable doubt. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1022 (9th Cir.2000) (stating standard).

There was evidence that Defendant made extensive misrepresentations to victims regarding Gecko, including that a non-existent Gecko manager had been involved in a successful Internet IPO; that he himself had been involved in that previous IPO; that his own father had invested funds in Gecko; that Goldman Sachs was interested in Gecko; and that Gecko was likely to go public at $8 or $9 a share. Also, Defendant received commission on fraudulent sales made under the name "Bob Johnson" and that he successfully defrauded other victims under the name "Mike Egan."

We also reject Defendant's arguments concerning the co-schemer liability instruction for the reasons stated in *United States v. Stapleton*, 293 F.3d 1111, filed this date.

AFFIRMED.

* The Honorable Raner C. Collins, United States District Court for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.